2013, 5059. Mr. Wilson. Good morning, Your Honors. May it please the Court. The central issue on appeal today is whether 28 U.S.C. Section 1500 prevents the Court of Federal Claims from maintaining jurisdiction over Pelham's claims that were raised in both the District Court and the Court of Federal Claims. Mr. Wilson, why isn't this a frivolous appeal? Why isn't the issue fully covered by governing Supreme Court precedent? Well, respectfully, Your Honor, we believe that the Tohono O'odham case is distinguishable as well as trusted integration from this Court and Keene in the sense that the operative facts at issue are different in this case and that there are also equitable claims that were... They're both circler claims, right? Respectfully, Your Honor, we don't believe that to be the case, and we think that Judge Bush, in her prior opinions, reached that the surviving claim on the breach of the covenants of the deed is separate and apart from the circler claims. But the breach of the covenants of the deed, the alleged breach of the deed, is exactly the issue of the obligation to bear the circler costs, right? Yes and no, Your Honor. I believe that they're slightly different than that. On one hand, I believe that the circler claims exist independently of any transfer of land and that the U.S. Government would be responsible for any cleanup costs that exist independently, whether they transfer the land to us or never transfer it at all. And that the breach of the covenant, specifically Covenant 2, talks about bearing the costs of the cleanup, but it doesn't talk about the responsibility. And so I believe that the responsibility related to unforeseen costs is entirely different than whether or not they had originally satisfied their obligations under the covenant. And those circler claims related to whether or not they're a potentially responsible party, as defined by circler, is separate and apart. And if the circler claims are an independent basis and cause of action that would exist regardless of any transfer of land, and that the broad covenant does not speak about transfers but only about response costs related to remediation currently on the property, I believe that makes them different operative facts. And I believe that in Judge Bush, and there has been some disagreement among the, not disagreement I would say, but maybe some uncertainty regarding the definition of operative facts. And I believe in Judge Bush he spoke about the conduct, the challenge conduct. It's our position that the challenge conduct in this case under circler would be whether or not the U.S. government is responsible at all for the cost, not the cost of the cleanup, but whether they're responsible for the contamination at all. If the U.S. government was not responsible for the contamination, someone else would be on the hook for the circler claims, which our clients believe that presents an entirely different operative set of facts. How on one hand, the U.S. government is saying, we've done everything we need to. Well, that's a defense to a case based on the same facts, which is contamination of a property, I assume the same property, under the circler law. So the fact that the defense may be different doesn't really mean that they're not the same operative facts for jurisdictional purposes. Mr. Judge Lurie, I disagree. I believe that the circler claims would exist independently of any transfer of land. Had the U.S. government discovered the contamination, they would still be responsible for the cleanup, regardless of whether or not they eventually transferred the land. I believe that once they transfer the land, that does not automatically mean that they can then absolve themselves of any and all similar facts. I mean, I also believe that there's... So, are you saying that the deed, because the deed transfer requires the government to do the cleanup regardless of whether the government was responsible for it, that that's a different set of circumstances than would arise under circler? I believe so, Your Honor. Number two under the deed covenant says, all remedial action necessary to protect human health and the environment has been taken before the date of this conveyance. It doesn't say anything about the U.S. government being responsible for that. It just says that they've done all the work that they need to do to sell my clients the land so that my clients can proceed with their housing development and shopping center. So, since the covenant is extremely broad and doesn't define a time period, it doesn't define the responsibility of the U.S. government, all it says is that they have taken the necessary steps to protect human health and remediate the property. So, our clients rely on that representation and then we discover further contamination on the property. Two separate issues. One is whether circler requires the U.S. government. Maybe the U.S. government is not responsible for that contamination. We believe that they are since they were the original landowners and we've discovered unexploded ordinance, which would generally be a U.S. government issue. We believe that that obligation to clean that land up exists independently whether or not they transfer the land to us at all. And because the transfer and the deed covenant is so broad, it doesn't speak about responsibility. If it had said something along the lines of that the U.S. government is responsible for the cleanup of anything that they have contaminated, I would perhaps agree with Judge Bush's opinion that it's based on the same operative set of facts. But our position is that the circler claims remain independent and would exist and survive regardless of any transfer of land. I also believe that there's also equitable issues at play, which will not raise on this appeal, have been raised in the court below also in front of Judge Bush. Specifically, Judge Bush dismissed this case without prejudice, which we believe was either her tacit way of saying that we should refile this case or was her way of saying that there are equitable issues that have been reached. In the Tohono O'odham case, we believe that the majority opinion did say that had a case concluded and reached its final judgment, we could then refile. And had that law existed at the time when the district court case had been settled on July 20th, 2010, and we had filed the next day or even a week later, this Section 1500 application wouldn't even be an issue. We would have been well within the statute of limitations. And I think to penalize our clients based on any... So why didn't you just dismiss without prejudice when the 1500 issue arose and then refile once you settled the circler claim? Well, we had settled the... So once the 1500 decision came out and Judge Bush had taken the briefing, the statute of limitations had already run on those claims. And we believe that any filing for equitable purposes should, not polling per se, but relate back to the date of settlement. Had 1500, the Tohono O'odham decision pre-existed our settlement in the district court, we would have done so. And had Judge Martini been aware of the Tohono O'odham decision when he bifurcated the cases long, long ago, I'm sure that he never would have done it in that fashion. And I think that those equitable issues weigh heavily in favor of my clients. And that the U.S. government is aware that they have severely contaminated the property. My clients have borne the entire cost of cleanup independent of the circular action. And it's patently unfair that the U.S. government should be allowed to get away with this simply because of an incorrect interpretation of Section 1500. So we believe not only is the 1500 application correct, but there are equitable issues that Judge Bush... But can equity allow us to toll a statute of limitations? Well, I don't believe it's tolling, Your Honor, because I believe, you know, under the case law that the Tucker Act claims don't toll. And I don't think this is the situation where a defendant, or excuse me, a plaintiff had sat on its rights for the six-year period and then at the last second came into the picture. We have diligently pursued these claims from the moment they were discovered. We have survived multiple summary judgment motions in the Court of Federal Claims. And we have one claim remaining. It's very clear, these breach of covenant cases, the breach of covenant actions. And we have done everything in our power to have these claims survive, whether it be summary judgment motions, motions to dismiss, motions to transfer. And tolling is not the issue. If it can be an amendment to relate back to the date of the conclusion of the district court action, the 1500 issue would be moved. We believe that we would prevail on the 1500 issue. And that's, I've been saying, the operative facts are distinguishable since the circle claims exist independently of any transfer of land. But our case law is very clear that you can't amend to relate back. Well, I would say then the date of filing should relate back. And so there wouldn't be an amendment. It would be a filing that can relate back, as the district courts do all the time. I believe the Court of Federal Claims could do the same. So it's not a tolling and it's not an amendment, because you're right, Your Honor, I may have misspoken. An amendment would not cure a jurisdictional defect. However, I believe that if the date of filing of the new Court of Federal Claims action, not an amendment, excuse me, but that the date of filing can relate back to the date of the conclusion of the district court case, because this case was pending at the time. I'm a little unclear. So you're suggesting that you file a new case, you're right. We have filed a new case, Your Honor. But that's not before us. I understand. I just wanted to... What you're advocating is that we should draw some conclusion or adjudicate something with respect to a case that's not even before us. No, I apologize, Your Honor. I just wanted to bring to the Court's attention that a case is currently pending that raises these equitable issues, and I know they are not on the record before you. I just wanted to bring it to the Court's attention if it is not aware, and that the equitable issues we have raised were addressed in the Tohono O'odham decision, and we fear that... But that has no relationship to what you're asking us or what we have the authority to do in this context of this appeal, correct? That is correct, Your Honor. And all I was saying was that we should prevail on the Section 1500 claims, but that should this Court be persuaded that we would not prevail, that there is an alternative that we are currently pursuing in the Court of Federal Claims if the... That has nothing to do with anything we do in this appeal. Correct. I just wanted to bring this to the Court's attention that there are equitable claims that the Tohono O'odham decision addressed that we have addressed in a subsequent filing, and I know that it is not on appeal because Judge Bush did not address that in her decision. But that because she dismissed it without prejudice, I did want to bring that to the Court's attention, and that is what I believe. I'll reserve the rest of my time for rebuttal, Your Honor. We will do that, Mr. Wilson. Mr. Woodrow. May it please the Court. This Court should affirm the dismissal of appellant's complaint pursuant to Section 1500 because, first, the appellants do not contest that their complaint in the District Court was pending at the time they brought their complaint in the Court of Federal Claims, and, second, both the complaint in this case is based upon the same operative facts as appellant's complaint in District Court. Indeed, the only differences between the two complaints relate to the specific legal theories being advanced, CERCLA as opposed to a breach of deed, and the relief requested response costs as opposed to economic damages. But what about, what's your response to your friend's argument that, in fact, there is a distinction because, in the one instance, the government agreed that they would do any cleanup or effectively agreed that all cleanup was their responsibility, regardless of who would be responsible for causing under CERCLA, or who would be the arranger or the person who was responsible under CERCLA, and that, therefore, there is a different operative fact? Well, Your Honor, those distinctions go to the legal theories in both cases. It's the same government conduct that lies at the heart of both cases that is the test that the lower court applied and we believe is the appropriate test under this Court's precedent and under the Supreme Court's precedent in Tohono. In other words, the government conduct that is the central feature of both claims has to do with the government's ownership, use, and historical alleged, historical contamination of the property. Both complaints use the same language, in fact, verbatim, the same language to describe the government's sale of the property and they both use the same language to talk about the deed to convey the property and they both describe the government's failure to perform necessary or alleged failure to perform necessary investigation and remediation of the property. And had the government performed that remediation prior to the transfer, there would be no CERCLA claim or would there be a breach claim. So it's the existence of the contamination and the government's alleged failure to both investigate and remediate the contamination that lies at the heart, that's the government conduct, that lies at the heart of both claims. In the motion to dismiss in the District Court, one of the grounds for your motion to dismiss is that these claims needed to be filed in the Court of Claims, correct? Yes. In that motion to dismiss, was there any indication that they should be filed in the Court of Claims but not until after this case is resolved? I don't know, Your Honor. Arguably, at the time and the precedent that was relevant at the time, that would have solved the problem. In other words, Section 1500-BAR only applies if the complaint is brought in the Court of Federal Claims while the other matter is pending. And so had they dismissed the entire complaint, filed their breach claims in the Court of Federal Claims, and then subsequently filed their CERCLA action in the District Court, arguably it would have avoided the Section 1500-BAR. Right, clearly it would have avoided BAR. But at least in the blue brief, the argument invited a filing in the Court of Federal Claims with no indication that a filing in the Court of Claims would kill the very action that was invited. And you're saying you just don't know whether that's true or not. I don't know what that motion to dismiss said, but what looks like the harsh result here is really the product of plaintiff's own decision as to respond to the motion to dismiss in the manner that they did. And somewhat of a moving target on the law because of the Tohono decision. Right, at the time, Tohono had not been incited. In fact, the United States, in its motion to dismiss in the Court of Federal Claims, did argue that at least with respect to one of the counts of plaintiff's complaint in the Court of Federal Claims, that it was barred by Section 1500. But the Court found other reasons to dismiss that count and didn't reach the Section 1500 issue. But of course at the time, Section 1500, as interpreted by the courts, didn't bar a simultaneous claim as long as that claim was seeking different relief. But they could have avoided the problem altogether had they dismissed the District Court claim and then simply brought the Court of Federal Claims complaint and then refiled their District Court complaint. But it may look like a harsh result. It's a lot of technical stuff that results in a lot of gotcha for lawyers who don't quite know which hoops to jump through. And it does seem to operate pretty unfairly though, doesn't it? It may appear to be a harsh result, but two considerations there. First is that they were represented by counsel. And so counsel could have done research to learn that. But second, they did receive, they did settle the District Court matter and the Circular matter and receive money in response to that as a part of that settlement. And finally, if there are concerns with respect to the harshness of Section 1500, those concerns are best addressed at Congress, as this Court has said and Tohono has said as well. So we believe that the District, or I'm sorry, the Court of Federal Claims test that it set forth in the opinion below that focuses on the government's conduct is the right articulation of the test and a very workable articulation of the test that is consistent with this Court's precedent. And with respect to trusted integration, for example, that opinion sets the guideposts for determining what are the operative facts. And in trusted integration we believe is consistent with the trial court's opinion in this case. And in trusted integration, the one count of the complaint that this Court found to not fall within the Section 1500 bar was based upon entirely different government conduct from the remaining two counts which this Court found were barred by Section 1500. And that focus on government conduct is a workable articulation of the test and the test that this Court should apply in this case. And for the reasons, for these reasons, we respectfully request that the Court affirm the judgment of the trial court. Thank you, Mr. Woodrow. And Mr. Wolfson has a little rebuttal time. Close to five minutes if you need it. Thank you, Your Honor. I may please the Court again. I think that counsel is correct when he says that the conduct at issue is the correct test. And that's what Judge Bush said in her testimony. The United States government is at issue here. And that's what presents the operative facts. And it's our position and we maintain that the challenge conduct is two entirely separate things. The challenge conduct is whether or not the U.S. government contaminated the land on one hand for CERCLA and on the other whether they misrepresented their remediation efforts when they transferred the land to us based on the covenants contained in that deed. From a 30,000 foot level, one could conclude that this is merely about contamination of land. But a more thorough investigation shows that it's one, whether the U.S. government did in fact contaminate the property. 30,000 feet, you mean if you're flying, you might have a different view. Correct. It would be very easy, Your Honor, to say this is merely about the transfer of land and whether or not that land is polluted and contaminated. But that's not what's at issue. What's at issue is whether or not the conduct of the U.S. government is different in these two causes of action. We believe that the conduct of the U.S. government in a CERCLA action is whether or not they are a PRP based on the four broad categories. And we believe that they fall under both one and two of that. And then secondary, when they transfer the land, did they live up to the covenants in the deed, which are very broad and open-ended? Had we purchased this land... But isn't it still just two legal theories under which the government might be liable for its acts of contaminating the land? Whether it's liable because it said in the deed that it had done its cleanup or whether it's liable under CERCLA, the underlying acts are still the fact that it contaminated the land. Respectfully, Judge Malin, I disagree. I believe that the CERCLA claims, as I said before, would exist independently of any transfer of land. And so had the land never been transferred to my clients and this contamination had been discovered, the U.S. government would still be responsible for the cleanup costs. And had the U.S. government... Isn't that a merits issue rather than a 1500 issue? And the merits belong in the claims court. Yes and no, Your Honor. We believe that, on one hand, that the U.S. government is trying to confuse the issue by virtue of the fact that they are both the transfer of the land and they're the party responsible for the contamination. If this land had been transferred to a third party and then transferred to us, the U.S. government would still be responsible under CERCLA for the contamination of the property and that whoever transferred the land would be responsible for the covenants that they put in that deed. And because the U.S. government is the same entity in this case, that confuses the issue. But it really is two separate fact patterns and it's not just different claims. As the court said in Griffin, that because the two claims are based upon the same operative facts, when the injury for both claims stem from a single event, this is not a single event. On one hand, were there years of contamination on the property? And then when they ultimately transferred the land, did they actually remediate what they said they would have remediated? And because the language of all of the cases that have come after Tohono O'odham have focused on the conduct of the government and a single transaction or occurrence, the U.S. government would like to use that as their way of saying, well we transferred the land to U.S. homes in Beechwood and it was also contaminated when we transferred it. So therefore, that absolves us of any responsibility because you pursued the claims in the district court and the court of federal claims. To which we said, respectfully, we don't agree with that position because on one hand, as I said, it is whether or not they've actually contaminated the land, a totally separate inquiry and CERCLA has the PRP standards of the four different categories and whether the National Conservation Plan has been followed, versus whether or not when they transferred the land, have they satisfied all of the covenants? And there are three of them, and the covenants are not confined to any time period or any polluter. They are very open-ended. So had the U.S. government acquired this land from a third party before transferring it to us and that party had also contaminated the land, that would also change the fact patterns in the situation. The U.S. government would just like to get away from this situation because they know that they have made a mistake, they know that it's a costly mistake, and my clients have borne the cost of that, and it's patently inequitable based on whether it's $1,500 or the statute of limitations. However we want to look at it, the U.S. government should not be afforded a windfall merely because they want to obfuscate the issue that they were both the contaminator of the land and the transfer of the land. If your honors have any questions in the time I have left, I'd be happy to answer them. No, thank you very much, Mr. Wilson. We'll take the case and revise it. Thank you very much, your honors.